UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JUL 09 2015 ★

LONG ISLAND OFFICE

JULIA ELLINGHAUS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

EDUCATIONAL TESTING SERVICE, and THE COLLEGE BOARD,

Defendants.

Case No. 15-cv-3442 (SFJ)(AKT)

Hon. Sandra J. Feuerstein, U.S.D.J.
Hon. Judge A. Kathleen Tomlinson, U.S.M.J.

### Plaintiff's Reply In Support of Plaintiff's Motion For A Temporary Restraining Order Under F.R.C.P. 65(b)

In *Defendants' Opposition To Plaintiff's Motion For A Temporary Restraining Order Under F.R.C.P. 65(b)* (Doc. 8)(cited hereinafter as the "Opposition" or "Opp. at"), Defendants merely gainsay Plaintiff's well-pled complaint allegations as their opposition to Plaintiff's *Motion for Temporary Restraining Order Under F.R.C.P. 65(b)*, (Doc. 5) (hereinafter, the "Motion").

Defendants state that they "have reported valid and reliable scores" and that "Plaintiff will suffer no harm if the remaining scores are reported to third parties." Opp. at 2. Defendants also state: "In the time since the College Board disclosed the printing error, test takers have generally shown no lack of confidence in the validity and reliability of their scores." Opp. at 5. Clearly, Defendants have not been keeping abreast of the recent press on examinee sentiment.

Yet Defendants' actions after the initiation of Plaintiff's instant suit recognize a different reality and are telling: before the instant lawsuit, Defendants insisted they would not offer a free retest. After Plaintiff initiated her suit, within 24 hours, Defendants had reversed their position and now offer a free retest to those that request it. Plaintiff acknowledges Defendants' change of position as a good initial step to resolution, but asserts there is more that remains to be done to compensate Plaintiff and the Class.

Plaintiff contends that Defendants' unsupported assertions are not sufficient here to rebut Plaintiff's motion.

However, Defendants assert that they have already released the scores for the vast majority of examinees to colleges. This would appear to make Plaintiff's continued motion for a TRO a senseless battle. Therefore, in order not to waste the time and resources of this Court,

Plaintiff withdraws her motion without prejudice. Plaintiff reserves the right to challenge Defendants for their actions in releasing the scores as they did, with full knowledge of the instant Motion, knowing they had a duty to mitigate damages to Plaintiff and the Class.

Plaintiff's counsel spoke with Defendants' counsel around 2:00 pm EST, several hours before the filing of the Motion, as required by the Federal Rules. With full knowledge of the Motion and even after receipt of Plaintiff's Motion, Defendants' admit to beginning and continuing the release of scores. *See* Opp. at 12; Doc. 12 - *Declaration of Rui Ferreira* ¶10: "Prior to 4 pm Eastern Time on June 26, 2015, ETS began mailing paper reports and/or CDs to the remaining 2,637 designated institutions selected by June 6 SAT test takers (as well as any designated institutions that received electronic access to the scores but also requested reports via paper and/or CD.)"

Should the Court still require a telephone conference on July 15, 2015 at 11:00 am EST, Plaintiff's counsel will initiate the call as instructed.

Dated: Wednesday, July 8, 2015
Manhasset, NY

Paul C. Whalen, (PW1300)
**LAW OFFICES OF PAUL C. WHALEN, P.C.**
768 Plandome Road
Manhasset, New York 11030
Tel: (516) 627-5610
Fax: (212) 658-9685

Counsel for Plaintiff and the Proposed Class

---

Based on plaintiff's withdrawal of its motion for a temporary restraining order, without prejudice, the Clerk of the Court is directed to terminate the pending motion [DE 5], and the telephone conference scheduled for 7/15/2015 is hereby canceled. The parties are reminded that an initial conference before the undersigned is scheduled for 10/27/2015 at 11:15 a.m. SO ORDERED,

s/ Sandra J. Feuerstein
USDJ                     7/9/15